**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017[*]
Decided January 11, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3183

| | |
|---|---|
| GRACE AKINLEMIBOLA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 5291 |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE, d/b/a AMERICAN EDUCATION SERVICES, *Defendant-Appellee*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

In this diversity action, Grace Akinlemibola appeals the dismissal of her complaint alleging that the servicer of her student loans mishandled her requests to defer payments and in the process breached their contract and violated various state laws. The district court dismissed her complaint for failure to state a claim. We affirm.

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In her operative complaint, Akinlemibola alleged that the wrongful conduct of her student-loan servicer, the Pennsylvania Higher Education Assistance Agency, led to negative information being included on her credit reports. According to the complaint, she applied to the agency in October 2015 for a six-month deferment of payments. Receiving no response, she resubmitted a deferment application. She still heard nothing, so in January 2016 she spoke with an agency representative, who told her that the deferment would be applied to her account within two to three days. Akinlemibola says she relied on this representation and stopped making payments on her account. In May, however, she learned that reports from three credit-reporting agencies contained negative information concerning the loans. She promptly paid the entire past due balance of the loans.

Akinlemibola says that she then called the agency and a customer-service representative told her that a wrong application form may have been listed on the website and that submission instructions were incorrect. The representative gave Akinlemibola both a different fax number to submit her deferment application, as well as an example of the form she should use to apply for deferment requests. This information was false, Akinlemibola says, because the supposedly incorrect forms and fax number remained on the agency's website.

Akinlemibola, an Illinois citizen, brought this suit in federal court against the agency, a Pennsylvania corporation with its principal place of business in that state. She alleged breach of contract, promissory estoppel, gross negligence, negligent and fraudulent misrepresentation, defamation, and tortious interference with an economic relationship. Akinlemibola attached copies of the deferment applications to her complaint, making them part of the pleadings. FED. R. CIV. P. 10(c); *see Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

On the agency's motion, the district court dismissed the complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). All of Akinlemibola's claims were undermined, the court explained, by certain facts alleged in the complaint and incorporated in the attached deferment applications. For instance, the forms informed applicants that they would "receive a letter indicating whether [their] request has been approved or *denied*," and that it was "important to continue to make payments until [an] alternative repayment option has been approved." Akinlemibola's allegations, the court determined, "affirmatively show[]" her understanding that her request for deferment could be denied. Moreover, the court observed, Akinlemibola filled out the forms improperly, failing to obtain her co-borrower's signature as required.

The court then explained why each of her individual claims failed to state a claim. First, she could not state a claim for misrepresentation, whether based on fraud or negligence, because she could not show that she had been harmed by the agency's misinformation about the fax number, since any damages she incurred were the result of her own nonpayment of loan obligations. Nor could she state a breach-of-contract claim because no contract could have been formed simply by her submission of a deferment request; the servicer here had the authority to approve or deny any such request. Third, she could not state a promissory-estoppel claim, since she could not reasonably have relied on the customer-service representative's oral statement in the face of written representations on the deferment application that she must continue to make payments until the agency approved the request in writing. Fourth, she could not state a defamation claim because she could not show that any false statement was made to credit-reporting agencies, given her acknowledgment that she did not make any requisite payments on the loans. And finally, she did not state a claim for tortious interference because she did not suggest that the agency knew of any prospective business relationship, let alone intended to disrupt it.

On appeal Akinlemibola first argues that the district court's dismissal of her claim for misrepresentation deprived her of an opportunity to elaborate on the nature of her damages. But such elaboration would not save her misrepresentation claim. One element of a misrepresentation claim, whether fraudulent or negligent, is damage resulting from an action taken in reliance on the truth of the other party's statement, *see Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569, 573 (7th Cir. 2012) (interpreting Illinois law), and here, as the district court found, any damage incurred by Akinlemibola (i.e., poor credit score) resulted from her own nonpayment of loan obligations.

She next challenges the dismissal of her breach-of-contract claim, arguing that the district court did not "recognize a mutual understanding" between the parties. She points to her allegation that she previously obtained deferments from the agency, and that these past dealings (along with her phone conversation with the customer-service representative) created a "mutual understanding" that her deferment automatically would be granted upon receipt of her completed application. But, as the district court explained, no contract could have been formed merely upon her submission of an application for deferment where the agency was authorized to approve or deny the request. *See Wigod*, 673 F.3d at 561 (7th Cir. 2012). What's more, no contract could have been formed because Akinlemibola left the application incomplete by not having her co-borrower sign the application.

Next Akinlemibola challenges the court's dismissal of her promissory-estoppel claim, arguing that she reasonably relied on the customer-service representative's oral statement that the servicer would apply her deferment to her account within two to three days. Her reliance was reasonable, she maintains, because she had prior dealings with the agency where her deferment was applied immediately to her account. But none of this addresses the district court's appropriate observation that her reliance could not have been reasonable given the written representations on the application that she must continue to make payments until informed by the agency in writing that her request had been approved.

We have considered Akinlemibola's remaining arguments, and none has merit.

AFFIRMED.